No. 24,914.

J. C. PERRY, *Appellee*, v. JOSEPH GILLESPIE et al., *Appellants*.

SYLLABUS BY THE COURT.

FORECLOSURE OF MORTGAGE—*Receiver Appointed—Owner Gave Bond to Account for Rents—Liability of Owner for Rents*. Where a receiver is appointed in an action to foreclose a real estate mortgage and the owner of the property gives bond that he will account and be responsible to the plaintiff for the rent from the property prior to its sale in the event that the order appointing the receiver is affirmed, and where an appeal is taken from that order and is dismissed in the supreme court, the owner must account for the rent from and after the date of the appointment of the receiver.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed May 12, 1923. Affirmed.

*A. R. Lamb* and *Clement A. Reed,* both of Coffeyville, for the appellant. *Walter S. Keith* and *Harold McGugin,* both of Coffeyville, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal growing out of the appointment of a receiver in the foreclosure action mentioned in the preceding opinion, *Perry v. Gillespie,* ante, p. 555. On April 8, 1922, D. H. Martin was appointed receiver of the property described in the foreclosure action. Defendant Joseph Gillespie gave a bond in the sum of $7,000, conditioned that he would account and be responsible to the plaintiff for all rents and profits arising from the property prior to the sale in the foreclosure action in the event that the decision and order of the district court appointing a receiver should be affirmed. The judgment appointing the receiver was appealed to the supreme court, and the appeal was there dismissed in October, 1922. Joseph Gillespie filed a report accounting for all the rent from the property from May 1, 1922, to and including December, 1922, but did not account for the rent from April 8, 1922, to May 1, 1922, amounting to $265.07. He was ordered to account for that sum, and from that order he appeals.

As between the receiver and Joseph Gillespie, the owner of the property, the former was entitled to the possession thereof from and after his appointment as receiver. (34 Cyc. 204-210.) The bond given by Joseph Gillespie enabled him to retain possession of the

property. He should pay to the receiver or account for the rent from the time that the receiver was entitled to the possession thereof, the 8th day of April, 1922.

The judgment is affirmed.